## Brown *vs.* O'Connor.

A grant of a 50 *vara* lot, at the *Mission Dolores*, made by a Mexican Alcalde in 1842, where the grantee took possession, enclosed the lot, and built a house thereon, is a title under which a party may recover possession as against one who claims under a lease executed by the priest of the *Mission* in 1849. It *seems*, that the priest had no authority to lease lands appertaining to the *Mission* after the cession of California to the United States, and that a title thus derived is invalid.

The principle of the cases of *Suñol* v. *Hepburn*, (*ante*, *p.* 252,) and *Woodworth* v. *Fulton*, (*ante*, *p.* 295,) approved.

The case of *Reynolds* v. *West*, (*ante*, *p.* 322,) affirmed.

APPEAL from the district court of the fourth judicial district. The facts of the case are stated in the opinion of the court.

——————————, for plaintiff.

*John B. Weller*, for defendant.

*By the Court*, HASTINGS, Ch. J. This was an action originally instituted before the court of First Instance of San Fran-

---

Brown *v.* O'Connor.

cisco for the recovery of possession of a 50 *vara* lot at the *Mission Dolores.* It appears from the evidence that on the 12th day of October, 1842, Francisco Sanchez, then Alcalde of the district of San Francisco, on the petition of plaintiff, granted the premises in controversy ; that plaintiff enclosed the same by a fence and erected a house thereon; that afterwards, the fence having decayed, the premises were more permanently enclosed by one Leidesdorff, deceased, by and with the consent of Brown. That the premises have generally been denominated " Brown's Lot." The defendant claims under a lease executed in the year 1849 by José Prudencia Santillan, the then Padre of the *Mission Dolores,* and also by virtue of his settlement and occupancy, setting up that the premises were the property of the government of the United States, and that he cannot be legally ousted but by authority and action of the general government, claiming that Brown never complied with the conditions imposed in his grant, and that the premises were vacant and unoccupied at the time he took possession. It appears from the testimony of Santillan that, at the time he executed the lease, he did not know that the premises had been granted, nor does it appear that the priest had any authority to lease the premises. This case is similar to *Reynolds* v. *West* decided in this court. (*Ante, p.* 322.) In that case we held that an Alcalde, before the acquisition of California, had authority to make grants and concessions of land not exceeding 50 *varas;* and from the authorities cited in that case, (*Strother* v. *Lucas,* 12 *Pet.* 410, 437, and *United States* v. *Arredondo et al.,* 6 *Pet.* 691,) we there held that until the contrary be shown, it is to be presumed that an officer, under a foreign government, in the course of his ordinary or accustomed duties, acts within the sphere of his duties. Applying the principles decided in the case of *Reynolds* v. *West* to the facts of the present case, it inevitably follows that the plaintiff ought to recover as against the defendant. Although the evidence in some things is contradictory, yet there was testimony, first, of a grant made to plaintiff; second, of possession taken ; and third, of the erection of a fence and a house on the premises. The defendant claims under naked occupancy ; there

Brown *v.* O'Connor.

being no title or color of title in Santillan the Padre of the *Mission*, who executed his lease. The plaintiff had a grant which, if defective, afforded him a colorable claim of title, and having had possession under it, and never having abandoned it, but on the contrary by himself or his agents, or persons holding under him, having at all times claimed the premises as his own, it follows that he had a right to recover as against the defendant or any other person who could not set up a superior legal title. (*See cases cited and authorities referred to in the case of Woodworth* v. *Fulton et al., ante, p.* 295, *and Suñol* v. *Hepburn et al., ante, p.* 254 .) This case was removed from the court of First Instance to the district court and tried before a jury, who found for the plaintiff. It has been repeatedly held in this court that a verdict of a jury will not be disturbed because the weight of testimony seems to be against the verdict. However defective then the title of the plaintiff may be, there was testimony tending to show that he was in the prior peaceable possession of the premises, and it is to be presumed that the jury found that the plaintiff had the prior and best right to the possession. It does not appear that the jury were misled by any erroneous instruction of the court, nor by the refusal of the court to give the instructions asked by the defendant. There are many questions suggested upon an examination of this record which have been fully settled in former cases decided in this court. By reference to those cases it will be seen that the judgment in this case ought to be affirmed.

The judgment is therefore affirmed.